

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-16-2010

# In Re: Hubert Jackson

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-4554

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"In Re: Hubert Jackson " (2010). *2010 Decisions.* Paper 1883.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/1883

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

HLD-075                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 09-4554
_____

IN RE: HUBERT JACKSON,
                                        Petitioner


_____


On Petition for a Writ of Mandamus from the
United States District Court for the
Western District of Pennsylvania
(Related to W.D. Pa.. Civ. No. 09-cv-00088)


_____


Submitted Under Rule 21, Fed. R. App. P.
January 29, 2010
Before:  SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges

Filed:  February 16, 2010
_____

OPINION

_____

PER CURIAM.

    Hubert Jackson, a Pennsylvania inmate, seeks a writ of mandamus directing

the United States District Court for the Western District of Pennsylvania to "inquir[e] into

the legality of the detention of petitioner on [the] basis that ground one of the ... habeas

corpus petition [docketed at W.D. Pa.. Civ. No. 09-cv-00088] raises a claim that the State Court judgment of sentence is Constitutionally infirm[.]" Petition at 1. We will deny the mandamus petition.

In 1989, a jury in Allegheny County convicted Jackson of rape and unlawful restraint. (Case No. 1988-08196). The trial court imposed a sentence of 8 to 20 years in prison. In 2005, Jackson filed a habeas petition under 28 U.S.C. § 2254. The District Court denied the petition as time barred. (W.D. Pa. Civ. No. 05-cv-00334). This Court denied a certificate of appealability. (C.A. No. 05-2964.)

In 2009, Jackson filed another habeas petition. (W.D. Pa.. Civ. No. 09-cv-00088.) Like the habeas petition that he had filed in Civ. No. 09-cv-00087, "claim (1)" in the petition asserted "false imprisonment due to fraud by officers of the court rendering judgment of sentence in violation of due process void." The District Court dismissed the petition as time barred. This Court denied a certificate of appealability, and denied Jackson's petition for rehearing en banc. (C.A. No. 09-1909.) Jackson then filed this mandamus proceeding.

A writ of mandamus is an appropriate remedy in extraordinary circumstances only. Kerr v. United States Dist. Ct., 426 U.S. 394, 403 (1976). "Before a writ of mandamus may issue, a party must establish that (1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v.

2

Perry, – U.S. –, 2010 U.S. LEXIS 533, at *11 (U.S. Jan. 13, 2010) (per curiam) (quotation marks and punctuation omitted).

Because the 2009 habeas petition has been dismissed, and that matter is closed, Jackson has no right to compel a ruling on the merits of the petition. The proper means for Jackson to challenge the constitutionality of his conviction and sentence in federal court is under 28 U.S.C. § 2254. Because Jackson has had a prior ruling on the merits of a § 2254 petition, he must obtain this Court's permission to file a second or successive petition. See 28 U.S.C. § 2244. Mandamus, however, is not a means for evading compliance with the gatekeeping requirements that govern second or successive petitions. Cf. United States v. Baptiste, 223 F.3d 188, 189-90 (3d Cir. 2000) (per curiam) (prisoner may not use writ of coram nobis to evade gatekeeping requirements); Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009) (prisoner cannot seek relief through writ of audita querela on the basis of an inability to satisfy the gatekeeping requirements).

For these reasons, we will deny the mandamus petition. Jackson's motion to consolidate this proceeding with C.A. No. 09-4553 is denied.

3